# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>    Plaintiff,<br><br> v.<br><br>NEWSOM, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00236-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Dimitri Z. Storm ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On August 22, 2024, the Court screened Plaintiff's original complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. The Court granted Plaintiff leave to file an amended complaint within thirty (30) days. (Doc. 9.) Concurrent with his original complaint, Plaintiff sought a restraining order and a preliminary injunction. (See Doc. 1.)

 **I.** **Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff alleges the Warden of the California Substance Abuse and Treatment Facility ("SATF"), officers of California Department of Corrections Rehabilitation ("CDCR"), and staff at SATF have been involved in handling Plaintiff's property and effects. Plaintiff alleges they are now in possession of his J-Pay tablet that was illegally stolen along with legal documents and files sent to Plaintiff from the FBI, CIA, and DIA and other entities. They engaged in a conspiracy to defraud and steal Plaintiff's personal property. SATF "E" Facility CDCR officers

still have possession of his stolen J-Pay tablet and his legal documents and files that they stole from Plaintiff on March 21, 2023 in Building #5. Plaintiff alleges conspiracy, theft, forgery involving CDCR officers for false statements and false reports and tampering with evidence.

In his complaint, Plaintiff requests the retention of his property pending disposition of the investigation into the defendants' actions. Plaintiff requests that all camera footage and body worn camera footage be retained for March 21, 2023 from 9:30 a.am to 3:00 pm. in E Facility, Building #5. Plaintiff's request is construed as a motion for preliminary injunction.

**II.      Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigration Serv.,* 753 F.2d 719, 727 (9th Cir. 1985).

### III. Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's complaint has been screened, and it fails to state a cognizable claim for relief. Therefore, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. The Court must deny Plaintiff's motion because it lacks jurisdiction over CDCR generally, or any staff apparently responsible for taking Plaintiff's J-Pay tablet. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff has a statutory remedy for wrongful taking of his property.

### IV. Conclusion and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a restraining order and preliminary injunction (Doc. 1) be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen(14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2024**                        /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE